UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC M. SASSO, <br><br> Plaintiff, <br><br> v. <br><br> JOHN GALIPEAU, <br><br> Defendant. | CAUSE NO. 3:23-CV-510-CCB-JEM |

OPINION AND ORDER

Eric M. Sasso, a prisoner without a lawyer, is proceeding in this case "against Warden John Galipeau in his official capacity for injunctive relief to receive food that has been maintained at a safe temperature before it is served to him to the extent required by the Eighth Amendment[.]" ECF 18 at 6. On September 3, 2024, Warden Galipeau filed a motion for summary judgment, arguing Sasso didn't exhaust his administrative remedies before filing this lawsuit. ECF 39. With the motion, Warden Galipeau provided Sasso the notice required by N.D. Ind. L.R. 56-1(f). ECF 42. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over a month ago, but

Sasso hasn't responded. Therefore the court will now rule on Warden Galipeau's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust

2

remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Warden Galipeau provides an affidavit from the Grievance Specialist at Westville Correctional Facility ("WCF") and Sasso's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at WCF. ECF 39-3 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.*; ECF 39-2 at 3. Sasso's grievance records show he never submitted any grievance at WCF related to his claim that his food was not maintained at a safe temperature. ECF 39-3 at 5-6. Specifically, Sasso's grievance records show he submitted only one grievance at WCF, which complained of water quality and was not related to his allegation about food temperature. *Id.*; ECF 39-1; ECF 39-4.

Here, Warden Galipeau has met his burden to show Sasso didn't exhaust his available administrative remedies before filing this lawsuit, as he provides undisputed evidence Sasso never submitted any grievance at WCF related to his claim his food was not maintained at a safe temperature. Sasso provides no evidence he ever submitted any relevant grievance, and does not argue or provide any evidence his administrative remedies were in any way unavailable. Therefore, because the undisputed facts show

---

[1] Because Sasso has not responded to Warden Galipeau's summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Sasso's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

Sasso did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in favor of Warden Galipeau.

For these reasons, the court:

(1) GRANTS Warden Galipeau's summary judgment motion (ECF 39);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of Warden Galipeau and against Eric M. Sasso and to close this case.

SO ORDERED on December 9, 2024.

                                              s/ Cristal C. Brisco
                                              JUDGE
                                              UNITED STATES DISTRICT COURT